IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER V. HARRIS )
        Plaintiff ) C.A. 16-CV-49 ERIE
)
v. ) Magistrate Judge Baxter
)
FEDERAL BUREAU OF PRISONS, )
        Defendant. )

# MEMORANDUM OPINION[1]

**SUSAN PARADISE BAXTER,** United States Magistrate Judge

## I.    Background and Relevant Procedural History

Walter V. Harris ("Plaintiff") initiated this *pro se* action on February 29, 2016, by submitting for filing a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"), accompanied by a Complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1364(b), 2671 *et seq.*, against Defendant, the Federal Bureau of Prisons ("BOP"). At all times relevant to this action, Plaintiff was a federal prisoner incarcerated at Federal Correctional Facility McKean (FCI – McKean"), where he alleges he fell on ice and snow on the morning of December 12, 2013, while walking from his cell block to the dining hall.

Plaintiff attributes his fall to Defendant's alleged negligence in failing to properly and completely clear snow and ice from the walkway that morning. Plaintiff states that it had snowed the evening before, and that a prison snow crew assembled at 5:00 AM to clear the walkways between buildings. According to Plaintiff, the work was not properly supervised or

---
[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. *See* 28 U.S.C. § 636, *et seq*. ECF Nos. 4,13.

1

completed, and a half-inch layer of compacted snow and ice remained on the sidewalk, creating a dangerous condition. Plaintiff alleges that Defendant had notice of the dangerous condition, which was visible to guards walking along the sidewalk or watching via video, and yet failed to clear the sidewalk to make it safe for passage. As a result, Plaintiff alleges he sustained a fracture to his ankle and required surgery for the insertion of a plate and screws.

Defendant has filed a motion for summary judgment, with supporting exhibits, statement of material facts, and brief, contending that it is entitled to the entry of judgment in its favor because Plaintiff cannot establish that Defendant had notice of the alleged dangerous condition sufficient to give rise to a duty to act. Alternatively, Defendant argues that Plaintiff fell on grass adjacent to the sidewalk and that, as a landowner, it owes no duty to provide safe passage across grass. ECF Nos. 17, 18, 19, 20. Plaintiff has filed his opposition to the motion, and responsive and counter statement of material facts (ECF Nos. 22, 24, 25 and 26), and the motion is now ripe for review.

## II. Motion for Summary Judgment pursuant to Rule 56

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v.*

*Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322. *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (A petition prepared by a prisoner ... may be inartfully drawn and should be read "with a measure of tolerance"); *Freeman v. Department of Corrections*, 949 F.2d

3

360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Company*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

When considering a motion for summary judgment, however, the traditional flexibility toward *pro se* pleadings does not require the Court to indulge evidentiary deficiencies. *See Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 249 (3d Cir. 2013), *citing Brooks v. Kyler*, 204 F.3d 102, 108 n. 7 (3d Cir.2000) (indicating that *pro se* litigants still must present at least affidavits to avoid summary judgment). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

### III. Analysis

Defendant moves for the entry of summary judgment in its favor because it contends Plaintiff cannot establish that it had notice of the existence of a dangerous condition on the sidewalk and so, as a matter of law, cannot be liable to Plaintiff. Defendant also contends that Plaintiff admitted he fell on grass and so no liability can arise because Plaintiff was not injured on a designated walkway.

Pennsylvania law applies to this action under the Federal Tort Claims Act. 29 U.S.C. §§ 1346(b)(1), 2674; *DeJesus v. United States Dep't of Veteran Affairs*, 479 F.3d 271, 279 (3d Cir. 2007). To establish a *prima facie* case of negligence under Pennsylvania law, the following principles apply:

> (1) In order to recover, a plaintiff must prove by a fair preponderance of the evidence that the defendant was negligent, and that his negligence was the proximate cause of the accident;

4

> (2) … the mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence[.]

*Amon v. Shemaka,* 214 A.2d 238, 239 (Pa. 1965). Thus, to succeed in a negligence action, a plaintiff must prove all of the following elements: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal connection between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." *See Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1126 (Pa. Super. 2004).

The standard of care or duty owed to an individual by a possessor of land depends upon whether the individual is a trespasser, licensee or invitee. *Carrender v. Fitterer*, 469 A.2d 120, 123 (1983). Pennsylvania courts have held that inmates are analogous to invitees for purposes of determining the duty of care owed by prison officials. *Cochrane v. Kopko*, 975 A.2d 1203, 1206 (Pa. Commw. Ct. 2009); *Graf v. County of Northampton*, 654 A.2d 131, 134 (Pa. Commw. Ct. 1995).

Possessors of land owe a duty to invitees to protect them from foreseeable harm. *Carrender*, 503 Pa. at 185, 469 A.2d at 123 (*citing Restatement (Second) of Torts* §§ 341A, 343 and 343A (1965)). Regarding conditions on the land which are either known to or discoverable by the possessor, the possessor is subject to liability only if he:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

Where a fall is alleged to have resulted from a landowner's failure to clear snow and ice on his land, Pennsylvania's "hills and ridges doctrine" may bar recovery. This doctrine recognizes the transient nature of snow and ice, which may impede sufficient notice to act. Thus, when applicable, "there is no liability created by a general slippery condition on sidewalks," *Rinaldi v. Levine*, 176 A.2d 623, 625 (Pa. 1962), "for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition." *Harmotta v. Bender*, 601 A.2d 837, 841 (Pa. Super. Ct. 1992) (quoting *Gilligan v. Villanova Univ.*, 401 Pa.Super. 113, 116-17 (1991)). When the doctrine applies, a plaintiff must prove:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Rinaldi,* 176 A.2d at 625-6. The hills and ridges doctrine is a limitation on the liability of landowners and increases the proof required before a plaintiff can recover for injuries sustained from a fall on an ice or snow covered surface. *Wentz v. Pennswood Apartments*, 518 A.3d 314, 316 (Pa. Super. Ct. 1986). Thus, a plaintiff can only recover with proof of accumulations sufficiently large to form "hills and ridges" on the walkway, and present long enough to infer notice.

BOP concedes that this defense is inapplicable because (1) there is insufficient evidence demonstrating the existence of "generally slippery conditions" at FCI – McKean as it had not snowed in the hours immediately preceding Plaintiff's fall; (2) a "natural accumulation" was not

6

at issue, given previous shoveling and pedestrian traffic that "compounded" the snow at the location of Plaintiff's fall; and, (3) the condition of the specific area of Plaintiff's fall was "influenced by human intervention" as a result of shoveling by the morning work crew. ECF No. 18, pp. 6-7.

Where the doctrine does not apply, the Plaintiff "still must prove actionable negligence," including actual or constructive notice of the accumulation of ice or snow on a walkway. *Williams v. Shultz*, 240 A.2d 812, 814 (1968). This includes proof that snow and/or ice presented a dangerous condition, and that Defendant had actual notice or constructive notice of the danger. *Id*. at 813. Plaintiff asserts that Defendant had constructive notice that compacted areas on snow and ice remained on the sidewalk the morning of his accident, and yet failed to act to remove the danger.

> What constitutes constructive notice must depend on the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident. Thus, a defendant is chargeable with constructive notice 'if the defective condition existed for such a period of time that in the normal course of events the condition would have come to his attention.' Other factors to consider 'are the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it.'

*Mangual v. DIA-Wesley Drive, Inc.*, 2014 WL 2511281, at *8 (M.D. Pa. June 4, 2014)(citations omitted).

In this matter, Defendant contests notice of the dangerous condition, but presents conflicting statements regarding the presence of "compacted snow" in the area of Plaintiff's fall. On the morning of December 12, Plaintiff recalls the sidewalks had been shoveled to clear

7

snowfall from the prior evening, but the snow crew's efforts left a half-inch coating of ice and snow on the walkway between his housing unit and the dining hall. Plaintiff states snow crews seldom cleared a path so that concrete was visible, and on the day of his fall, there were no cones or barriers advising of slippery conditions. *Id.* Plaintiff alleges that prison officials had constructive notice of the dangerous condition, based upon the number of guards and inmates walking to the dining hall and around the premises before his accident, and the view provided by security cameras at the facility.

Defendant has provided the affidavit of BOP Correctional Officer Timothy Newman, who served as the Watch Officer for the Upper Compound of FCI McKean on the day of Plaintiff's accident. Officer Newman agrees that inmates are required to use sidewalks when walking around the prison yard, and agrees with Plaintiff's assessment that the sidewalks are used continuously "by hundreds of inmates each day at all hours of the day with a specific increase in use around 6:00 am, when inmates walk from their housing units to the chow hall for breakfast." ECF No. 20, ¶ ¶ 34, 37; ECF No. 26, p. 12.

According to Officer Newman, during his overnight and early morning tours of the facility on the day of the accident, there may have been trace amounts of snowfall, but no heavy snow, ice or other accumulating precipitation. *Id.* "[T]here may have been compacted snow in limited areas of some sidewalks, but they were all cleared of accumulated ice and snow by the morning snow crew…." ECF No. 19-4. Officer Newman does not recall awareness of any "hazardous" areas of snow and ice on the sidewalks, and when arriving on the scene of Plaintiff's fall, he did not notice any "dangerously icy condition in that area." *Id.* However, in conceding the inapplicability of the hills and ridges doctrine, Defendant relies upon its own Statement of Material Facts as well as Plaintiff's statements regarding the conditions in the area

of his fall. In particular, Defendant asserts that "the area of the fall was 'compounded' or stepped on by numerous people prior to the accident…. [and] the hills and ridges doctrine is not applicable because the specific area of Plaintiff's fall was 'influenced by human intervention.'" ECF No. 18, p. 6.

On this record, there are genuine issues of fact requiring jury resolution at trial. *Anderson,* 477 U.S. at 255. First, the parties dispute the location of Plaintiff's fall, with Defendant contending that Plaintiff fell on grass, and Plaintiff vigorously stating he fell on the sidewalk. ECF No. 22-1, p. 16; ECF No. 26, p. 12. This conflict must be resolved by an assessment of the credibility of the parties and witnesses at trial. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255.

Similarly, evidence as to both the existence of a dangerous condition and whether Defendant may be charged with constructive notice is conflicting and subject to credibility determinations. Plaintiff contends that a half-inch of snow and ice was present since at least the prior evening, and that inmates and staff walked between buildings well before his fall. ECF No. 22-1, pp. 10-11. Officer Newman states he did not notice any "dangerously icy condition" in the area of the fall, but admits that there were limited areas of compacted snow on the sidewalk. ECF No. 19-4, pp. 2-3.

Defendant's admissions via affidavit and brief in support of the pending motion distinguish this matter from the cases cited by Defendant, where there was no corroboration of conditions from which an inference of a dangerous condition could be drawn. *See Fiore v. Holt*, 435 F. App' x 63, 67 (3d Cir. 2011)(no evidence beyond plaintiff's assertion that ice on walkway was in view of a security camera); *Larkin v. Super Fresh Food Markets, Inc.,* 291 F. App'x 483

9

(3d Cir. 2008) (supermarket did not have constructive notice of buckled mat at entrance, as required for customer's personal injury claim where evidence proved that the mat was in place for no more than 23 minutes and customer conceded she did not know how long the mat had been buckled so as to infer notice); *Craig v. Franklin Mills Assocs.*, L.P., 555 F. Supp. 2d 547 (E.D. Pa. 2008), aff'd sub nom. *Craig v. Mills Corp.*, 350 F. App'x 714 (3d Cir. 2009)(mall's owner and operator and janitorial company did not have constructive notice of soda spill, and thus were not liable for injuries sustained when invitee slipped and fell on spill where there were no footprints or dirt near spill, spilled soda had not dried, and there was no evidence of duration of time that spill existed). *Cf, Sarver v. Sherwin Williams Co.*, 2013 WL 3939539 *4-5, n.4 (E.D. Pa 2013)(genuine issues of material fact present where plaintiff argued inadequate snow removal caused icy conditions, and notice of dangerous condition of snow or ice can be inferred from employees treating walkway and parking lot); *Ferraro v. U.S.*, 2014 WL 4828150 *5 (M.D. Pa. 2014)(plaintiff's motion for summary judgment denied and trial ordered; "constructive knowledge may be inferred when the defendants knows 'of both the weather condition at the time of the accident and the fact that the weather condition created hazards on the premises.'").

It is clear that the relative credibility of Plaintiff and Defendant and any witnesses they may call will determine the ultimate questions as to the existence of a dangerous condition and notice in this matter. Accordingly, Defendant's motion for summary judgment is denied. An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 30, 2017